**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-42230 |
| **GEORGE DALE WIGINGTON** | § | |
| dba **WYLIE INDUSTRIES** | § | CHAPTER 13 |
| dba **WYLIE INVESTMENT GROUP,** | § | |
| | § | JUDGE BRENDA T. RHOADES |
| **Debtor.** | § | |

**MOTION TO VACATE DISMISSAL ORDER AND REINSTATE CASE**

TO THE HONORABLE BRENDA T. RHOADES,

COMES NOW GEORGE DALE WIGINGTON ("Debtor"), debtor in the above-styled and numbered cause and files this Motion to Vacate Dismissal Order and Reinstate Case ("Motion"), and in support thereof would show this Court the following:

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

## BACKGROUND

1. The Chapter 13 Trustee ("Trustee") filed its Motion to Dismiss and Setting Hearing ("Motion") [DOC 46] on March 27, 2020.

2. The Motion was first set for hearing on June 10, 2020.

3. The Court granted agreed continuances to November 4, 2020, January 6, 2021, February 18, 2021, March 3, 2021, and April 7, 2021.

4. Debtor failed to appear at the April 7, 2021 and the Court entered its order dismissing the case on April 7, 2021. [DOC 53].

## RELIEF UNDER BANKRUPTCY RULE 9024

5. Bankruptcy Rule 9024 incorporates, with modifications, Federal Rule of Civil Procedure ("F.R.C.P.") 60 into bankruptcy proceedings. Under Rule 60(b)(1) a court may relieve a party from the effects of a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect.

## FAILURE TO APPEAR

6. On March 3, 2021, Trustee and Debtor agreed to continue the hearing to April 7, 2021 prior to the start of the scheduled hearing. Debtor immediately calendared the reset hearing.

7. On March 4, 2021, Debtor added the time for the hearing after reviewing the email notice of the reset hearing from the Court.

8. Debtor reviewed his scheduled hearings prior to taking a vacation from March 26 to March 29 to ensure he had time to prepare for any upcoming hearings. Upon returning, he mistakenly believed that the motion to dismiss was set for the third week after he returned from vacation.

9. Thus, when he reviewed his schedule for the week on Monday, April 5th, he did not think anything was amiss when he did not see the hearing on his calendar—because he believed it was set for the following week.

10. After receiving electronic notice of the order of dismissal on April 7th, Debtor reviewed his calendar and could not find any entry for the hearing at all. The hearing was not shown on April 7 nor for any day during the week of April 12th. Debtor has been unable to locate any entry for the hearing at all and believes he somehow deleted it when adding a start time.

11. Debtor has been licensed to practice law for just over three years now, and this is the first court appearance that he has missed.

## GOOD CAUSE

12. This Motion is not filed for the purposes of delay, and no creditor will suffer any prejudice if this Motion is granted.

13. Debtor has made each trustee payment as they can due and was current as of the date of dismissal. Debtor will make any payments that have or will come due prior to reinstatement within one-week of the date of reinstatement.

## GROUNDS FOR DISMISSAL

14. Debtor had a valid defense to the Motion.

15. The Motion provided the following grounds for dismissal:

- The Debtor's Plan does not provide enough funding to pay claims as scheduled in the TRCC. Specifically, the Debtor's Plan is underfunded because allowed amounts for the claims as reflected in the TRCC exceed the total amount the Debtor is to pay. An additional $123,000.00 is necessary to fund the Plan within the original plan term. No modification has been proposed to include such amount.

- The TRCC provided notice that the Chapter 13 Plan fails to provide sufficient funding.

- The failure of the Debtor to cure the infeasibility of the Plan constitutes an unreasonable delay by the Debtor that is prejudicial to creditors under 11 USC §1307(c)(1), and thus, cause exists for dismissal.

16. The TRCC did indicate that the "CLAIM AMOUNT" was $134,203.89 and the "CONFIRMED PLAN AMOUNT" was $34,056.17.

17. However, the TRCC did not indicate that the plan was infeasible. The TRCC indicated the opposite, stating:

- "The Trustee is of the opinion that the Plan is feasible and that all claims have been reconciled by the terms of this TRCC without the necessity of a motion to modify or other action by the Debtor (s)."

18. In addition, Section 8.4 of the Confirmation Order [DOC 30] provides that "Within 15 days of the latter of (1) a final judgment (in the proceeding on any objection, claim, or counterclaim) that is not appealed, or (2) the last day to timely file an objection to Nationstar Mortgage, LLC's proof of claim, Debtor shall filed an amended plan, if necessary, to fully fund the plan as amended to incorporate the terms of the final judgment or uncontested proof of claim."

19. The adversary proceeding in which Debtor's objection the mortgage claim is still proceeding.

20. The agreements to continue the hearings have been made on the basis that the claim objection is still being litigated.

21. Debtor has not filed an objection to the Motion because, in effect, the Trustee has agreed that any plan modification is not required until the claim objection is determined.

**PRAYER**

**WHEREFORE**, Respondent prays that the Court vacate the Dismissal Order and reinstate Debtor's bankruptcy case to the Court's active docket.

Respectfully submitted,

Dated: <u>April 28, 2021</u>

<u>/s/ George Dale Wigington</u>
George Dale Wigington
Pro Se
State Bar No.: 24091665
Dalewig10@verizon.net
2451 Elm Grove Road
Wylie, TX 75098
469-235-1482

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following parties in interest by mailing a copy of same to them via first class mail or through the court's CM/ECF electronic mail (Email) system on the date below.

<u>Date:  April 28, 2021</u>                                                            /s/ George Dale Wigington
                                                                                       George Dale Wigington


Carey D. Ebert on behalf of Trustee Carey D. Ebert, *ECFch13plano@ch13plano.com*
Carey D. Ebert, *ECFch13plano@ch13plano.com*
Chad Timmons on behalf of Creditor Collin County Tax Assessor Collector,
    *ctimmons@abernathy-law.com*
Eboney Cobb on behalf of Creditor Wylie ISD *ecobb@pbfcm.com, ecobb@ecf.inforuptcy.com*
Grant M. Tabor on behalf of Creditor Select Portfolio Servicing, Inc. *txbkeastern@logs.com,*
    *gtabor@logs.com*
H. Gray Burks, IV on behalf of Defendant Select Portfolio Servicing, Inc. *gburks@logs.com,*
    *nibates@logs.com*
H. Gray Burks, IV on behalf of Defendant NATIONSTAR MORTGAGE LLC D/B/A MR.
    COOPER *gburks@logs.com, nibates@logs.com*
Kim Moses Linden on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
    *klinden@rascrane.com, lojha@rascrane.com*
Kirk A. Schwartz on behalf of Creditor Select Portfolio Servicing, Inc. *kschwartz@logs.com,*
    *txbkeastern@logs.com*
Kirk A. Schwartz on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
    *kschwartz@logs.com, txbkeastern@logs.com*
Lauren W. Ojha on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER
    *lojha@rascrane.com*
Lauren W. Ojha on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
    *lojha@rascrane.com*
Matthew Durham on behalf of Defendant NATIONSTAR MORTGAGE LLC D/B/A MR.
    COOPER *mdurham@mcguirewoods.com*
Melissa L. Palo on behalf of Creditor City of Wylie *lisa.cockrell@lgbs.com,*
    *Julie.wilson@lgbs.com*
Melissa L. Palo on behalf of Creditor Dallas County *lisa.cockrell@lgbs.com,*
    *Julie.wilson@lgbs.com*
Shelly K. Terrill on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR.
    COOPER *Shelly.Terrill@Padgettlawgroup.com, Shelly.Terrill@hotmail.com*
Shelly K. Terrill on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
    *Shelly.Terrill@Padgettlawgroup.com, Shelly.Terrill@hotmail.com*
US Trustee *USTPRegion06.TY.ECF@USDOJ.GOV*
Yoshie Valadez on behalf of Defendant Select Portfolio Servicing, Inc.
    *mhtbkanhsselffilings@mccarthyholthus.com, yvaladez@mccarthyholthus.com*