

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: 18-42230 |
| GEORGE DALE WIGINGTON | § | (Chapter 13) |
| dba WYLIE INDUSTRIES | § | |
| dba WYLIE INVESTMENT GROUP, | § | |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO VACATE

This case is before the Court on a motion by George Dale Wigington (the "**Debtor**") seeking to vacate the order dismissing his case. The Court entered the dismissal order on April 7, 2021, and the Debtor filed a motion to vacate 21 days later (on April 28, 2021). The Court conducted a hearing on the Debtor's motion on May 12, 2021 and, at the conclusion of the hearing, denied the Debtor's motion to vacate for the following reasons.

### I. FACTS

1.  This is the second bankruptcy case filed by the Debtor. The Court's records reflect that previously, on June 4, 2011, George and Teresa Wigington filed a *pro se* petition for relief under Chapter 13 of the Bankruptcy Code, which this Court assigned case number 11-41092. The Wigingtons moved to convert their case to Chapter 11, and the Court granted their motion on April 12, 2012. The Wigingtons retained counsel and obtained an order confirming a plan of reorganization on June 4, 2013.

2.  Their confirmed Chapter 11 plan provided that the Wigingtons would continue making payments to CitiMortgage, which serviced the mortgage on their home, pursuant to the terms of the Promissory Note and Deed of Trust. However, after receiving a Notice of Servicing Transfer explaining that the servicing of their mortgage loan had been transferred from

1

CitiMortgage to Nationstar Mortgage LLC dba Mr. Cooper ("**Nationstar**") with a new payment address, the Wigingtons continued to make payments to CitiMortgage, month after month, at the old payment address. All of their payments were returned as undeliverable and the funds were never debited from the Wigingtons' account.

3.     The Wigingtons began receiving notices of default from Nationstar. On or about June 12, 2017, the Wigingtons received notice that a foreclosure sale would occur on July 4, 2017. Mr. Wigington filed a *pro se* suit against Nationstar in Texas state court on June 29, 2017, claiming that he had fully paid his mortgage and seeking to enjoin Nationstar from foreclosing on his home, among other things. The Debtor disclosed the pending lawsuit and described his claims against Nationstar in the Statement of Financial Affairs filed in his present bankruptcy case.

4.     George Wigington filed the present *pro se* petition for relief under Chapter 13 of the Bankruptcy Code on October 2, 2018, on the eve of another scheduled foreclosure. He disclosed a secured debt owed to Nationstar in the amount $136,129.71 in his bankruptcy schedules, and he marked the debt as disputed.

5.     On November 5, 2018, the Debtor filed a proposed Chapter 13 plan, which was confirmed by order entered on April 22, 2019.

6.     On November 7, 2018, Nationstar timely filed Proof of Claim No. 4-1 asserting a total secured claim of $134,203.89 with a pre-petition arrearage of $50,289.16 (the "**Claim**"). Nationstar subsequently transferred the Claim to Select Portfolio Servicing ("**SPS**") as set forth on the Notice of Transfer of Claim filed on October 23, 2019.

7.     Other than several claims by taxing authorities secured by the Debtor's home, SPS is the only creditor in the Debtor's case.

8. The Claim is based on a mortgage loan which arose from a Promissory Note dated December 29, 2004 executed by the Debtor and his wife, Teresa Lynn Wigington, in the original principal amount of $216,000.00 in favor of ABN AMRO MORTGAGE GROUP, INC., A DELAWARE CORPORATION and secured by a duly recorded Deed of Trust of even date. This mortgage lien encumbers the Debtor's residence located at 2451 Elm Grove Rd, Wylie, TX 75098.

9. On August 2, 2019, the Chapter 13 trustee filed the Trustee's Reconciliation Concerning Claims ("**TRCC**") based on the filed claims in the case. Section II.C. states, among other things, that the TRCC does not serve as an objection to claim under 11 U.S.C. § 502 and cannot cure an underfunding issue with the terms of the confirmed plan.

10. On August 23, 2019, the Debtor filed an Original Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien; and Complaint (the "**Original Complaint**") thereby initiating Adversary Proceeding No. 19-04074 (the "**Adversary Proceeding**") against Nationstar.

11. On March 27, 2020, the Chapter 13 trustee filed a Motion to Dismiss and Setting Hearing (the "**Motion to Dismiss Case**") in this chapter 13 case. The Chapter 13 trustee's Motion to Dismiss Case is based on the underfunding of the Debtor's chapter 13 plan; specifically, the trustee asserts that an additional $123,000.00 is needed to fund the plan within the original term. No modification has been proposed to include such amount in the event the Debtor's objection to the Claim is unsuccessful.

12. The Court first set the Chapter 13 trustee's Motion to Dismiss Case for hearing on June 10, 2020. The Court continued the hearing to November 4, 2020, then to January 6, 2021, then to February 18, 2021, then to March 3, 2021, and finally to April 7, 2021.

13. On April 7, 2021 (after conducting a hearing on the Motion to Dismiss Case at which Debtor failed to appear), this Court entered an order dismissing the Debtor's Chapter 13 case.

14. Meanwhile, in the Adversary Proceeding, the Debtor has received numerous opportunities to amend his complaint to name SPS as an additional defendant and to narrow and clarify any alleged claims against both SPS and Nationstar. The Debtor is currently on his Fourth Amended Objection to Proof of Claim 4-1 and Complaint filed on February 23, 2021 (the "**Debtor's Fourth Amended Complaint**").

15. The Debtor appeared for a hearing on April 21, 2021 on motions by SPS and Nationstar to dismiss the Adversary Proceeding. The April 7th dismissal of the underlying bankruptcy case was discussed at the hearing. During the hearing, the Debtor stated that he intended to file a motion to vacate the dismissal order.

16. A continued hearing on SPS's and Nationstar's motions to dismiss the Debtor's Fourth Amended Complaint was scheduled for May 25, 2021.

17. On April 28, 2021, Debtor filed his motion to vacate the April 7th dismissal order and reinstate his bankruptcy case. The motion cites to "mistake, inadvertence, surprise, or excusable neglect" for Debtor's failure to appear at the April 7th hearing on the Chapter 13 trustee's Motion to Dismiss Case and good cause as the "motion is not filed for the purposes of delay, and no creditor will suffer any prejudice" should the motion be granted.

18. SPS and Nationstar objected to the Debtor's motion to vacate the order dismissing his case. The Court scheduled a telephonic hearing on the Debtor's motion on May 12, 2021. SPS and Nationstar appeared through counsel. The Debtor, who is licensed as an attorney by the State

4

of Texas, appeared pro se. The Debtor admitted at the hearing that he has not made any mortgage payments since filing for bankruptcy.

## II. DISCUSSION

The Debtor brings his motion to vacate the April 7th dismissal order and reinstate his bankruptcy case pursuant to Federal Rule of Civil Procedure 60(b)(1), which is adopted and applied to this case by Federal Rule of Bankruptcy Procedure 9024. In his motion, the Debtor states that he "immediately calendared the reset hearing" for April 7, 2021 and "added the time for the hearing after reviewing the email notice of the reset hearing from the Court." The Debtor then states that he did not attend the hearing on April 7, 2021 because he "could not find an entry for the hearing at all" and believes he somehow deleted it.

"[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). In contrast to a timely motion under Rule 59, which permits relief from a non-final judgment for a number of reasons, a Rule 60(b) motion for relief from a final judgment may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

Under Federal Rule 60(b)(1), a party may obtain relief from judgment based upon "mistake, inadvertence, surprise, or excusable neglect." Whether a particular instance of neglect

is "excusable" is an equitable determination.[1] The Court enjoys considerable discretion in determining whether a party has established excusable neglect under Rule 60(b)(1). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990). It is well-established, however, that "'inadvertent mistake'[,] . . . [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. . . . .'" *Pettle v. Bickham (In re Pettle)*, 410 F.3d 189, 192 (5th Cir. 2005) (quoting *Edward H. Bohlin Co. v. Banning,* 6 F.3d 350, 356-57 (5th Cir. 1993)).

In the context of default judgments, the Fifth Circuit has interpreted Rule 60(b)(1) as incorporating the Rule 55 "good cause" standard applicable to entries of default. *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008)). In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), the Fifth Circuit examines the following factors: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). The Fifth Circuit has held that two of these factors can be determinative: a court may refuse to set aside a default judgment if it finds either that the default

---

[1] In the context of Bankruptcy Rule 9006(b)(1), which relates to enlargements of time, the U.S. Supreme Court has opined that "excusable neglect" encompasses negligence and carelessness. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993) (word carries its ordinary, contemporary, common meaning). The Fifth Circuit, however, has rejected the use of a *Pioneer* analysis in the context of Rule 60(b)(1) motions:

> While *Pioneer* guides an analysis of "excusable neglect" within the context of Bankruptcy Rule 9006(b)(1), nothing in the Supreme Court's opinion changes the well-established rule that " 'inadvertent mistake'[,] ⋯ [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief…. In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."

*In re Pettle*, 410 F.3d at 192 (quoting *Edward H. Bohlin Co. v. Banning,* 6 F.3d 350, 356-57 (5th Cir. 1993)).

was willful or that the defendant failed to present a meritorious defense. *See Jenkens & Gilchrist*, 542 F.3d at 119-20 (citation omitted).

In this case, the Debtor was aware of the dismissal of his present bankruptcy case within the 14 days in which he could have sought relief from the dismissal order under the more lenient standards of Rule 59(e), which is adopted and applied by bankruptcy cases, as modified, by Bankruptcy Rule 9023. The Debtor acknowledged the dismissal of his case at a hearing in the adversary proceeding 14 days after the entry of the dismissal order. Nonetheless, the Debtor waited another week and filed the present motion to vacate the dismissal order after it became final.

The present case is a two-party dispute between the Debtor and his mortgage holder. The Debtor has been litigating with Nationstar (and now SPS) over his mortgage since 2017. The present bankruptcy case has been pending for nearly three years. The Debtor has not made any mortgage payments during the pendency of the case. Instead, the Debtor brought an adversary proceeding seeking to disallow SPS's Claim and assert affirmative claims against SPS and Nationstar relating to noticing. The Debtor has not sought to modify his confirmed plan in response to the Chapter 13 trustee's Motion to Dismiss Case by addressing the funding gap. Further, the Debtor has failed to present a concrete or viable plan for paying his mortgage debt in the event his objection to SPS's Claim is unsuccessful. Finally, the Debtor will not be prejudiced by dismissal as he can continue his litigation against SPS and Nationstar in an appropriate non-bankruptcy forum.

For all these reasons, the Court finds and concludes that the Debtor has shown neglect in his failure to appear for the hearing on the Chapter 13 trustee's motion to dismiss, but he has not shown *excusable* neglect. As the Fifth Circuit recognizes, "excusable neglect" in responding to a

7

dispositive motion is regularly found "only in circumstances where, through inadvertence, the party or its attorney did not receive notice." *McKenzie v. Principi*, 83 Fed.Appx. 642, 644 (5th Cir. 2003) (per curiam) (collecting cases). It is therefore

**ORDERED** that the Debtor's Motion to Vacate Order and Reinstate Case is **DENIED.**

Signed on 5/25/2021

*Brenda T. Rhoades*   MD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE