IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NUMBER: 18-42230 |
| | ) | (Chapter 13) |
| GEORGE DALE WIGINGTON | ) | |
| d/b/a WYLIE INDUSTRIES | ) | |
| d/b/a WYLIE INVESTMENT GROUP | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| GEORGE DALE WIGINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
| d/b/a MR. COOPER and SELECT | ) | |
| PORTFOLIO SERVICING INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**NATIONSTAR MORTGAGE LLC'S RESPONSE IN OPPOSITION TO DEBTOR'S
MOTION TO ALTER OR AMEND ORDER**

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") files this response in opposition to the *Motion to Alter or Amend Order* ("Motion to Alter"; Dkt. #63, main bankruptcy docket) filed by George Dale Wigington ("Debtor"). Nationstar respectfully shows as follows:

**I.
STATEMENT OF FACTS**

1. On October 2, 2018, Debtor filed a voluntary petition initiating this Chapter 13 case, Case No. 18-42230.

2. On November 5, 2018, Debtor filed his Chapter 13 Plan. (Dkt. #15, main bankrutcy docket.)

3. On April 22, 2019, this Court confirmed the Chapter 13 Plan. (Dkt. #30, main bankrupty docket.)

4. On March 27, 2020, the Chapter 13 Trustee filed his *Motion to Dismiss*. (Dkt. #46, main bankruptcy docket.) The *Motion to Dismiss* informed the Court that "[t]he Debtor's Plan does not provide enough funding to pay claims as scheduled in the TRCC [Trustee's Reconcilation Concerning Claims]. Specifically, the Debtor's Plan is underfunded because allowed amounts for the claims as reflected in the TRCC exceeded the total amount the Debtor is to pay. *An additional $123,000.00 is necessary to fund the Plan within the origianl plan term*. No modification as been proposed to include such amount." (Motion to Dismiss ¶ 2, emphasis added.)

5. On April 7, 2021 (after conducting a hearing on the *Motion to Dismiss* at which Debtor failed to appear), this Court entered an *Order Dismissing Chapter 13 Case With Retention of Jurisdiction*. (Dkt. #52, main bankruptcy docket.)

6. On April 28, 2021, Debtor filed his *Motion to Vacate Order Dismissing Case and Reinstate Case*. ("Motion to Reinstate"; Dkt. #54, main bankruptcy docket.)

7. On May 10, 2021, Nationstar filed its *Objection to the Motion to Reinstate*. (Dkt. #57, main bankruptcy docket.)

8. On May 11, 2021, defendant Select Portfolio Servicing, Inc. ("SPS") filed its *Objection to the Motion to Reinstate*. (Dkt. #58, main bankruptcy docket.) SPS currently services the mortgage debt.[1]

---

[1] The mortgage debt was previously serviced by Nationstar. SPS now services the mortgage debt. *See Notice of Transfer of Claim 4-1* from Nationstar to SPS filed October 23, 2019. (Dkt. #41, main bankruptcy case.)

9. On May 12, 2021, a telephonic hearing was held on Plaintiff's Motion to Reinstate. Thereat, the Court announced that it would deny Plaintiff's Motion to Reinstate. *See* docket entry dated May 12, 2021, main bankrupcy case.

10. On May 25, 2021, consistent with its oral ruling, the Court entered *a Memorandum Opinion and Order* denying Plaintiff's Motion to Reinstate. ("Memorandum Opinion"; Dkt. #62, main bankruptcy docket.)

## II.
## DEBTOR FAILS TO MEET THE REQUIREMENTS TO ALTER OR AMEND THE DISMISSAL ORDER

Under Federal R. Civ. P. 59(e), a part may file a motion to alter or amend a judgment no later than 10 days after entry of the judgment. Motions to alter or amend the judgment should be granted only when there exists "a manifest error of law or fact, so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." *Meghani v. Shell Oil Co.*, 2000 U.S. Dis. LEXIS 17402 *2 (S.D. Tex. Aug. 24, 2000) (citing *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999)). Further, under Fed. R. Civ. P. 60(a), the Court may relieve a party from a final judgment or order if a mistake was made or any other reason that justifies relief. Debtor purports to file his Motion to Alter under both rules. (Motion to Alter ¶¶ 4-7.)

More specifically, bankruptcy courts are authorized to set aside a final judgment or order, including case dismissal orders. Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b) into practice under the Bankruptcy Code. Rule 60(b) sets forth six reasons that justify granting relief from a final judgment or order:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (**1**) mistake, inadvertence, surprise, or excusable neglect; (**2**) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (**3**) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or misconduct of an adverse

party; (**4**) the judgment is void; (**5**) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (**6**) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The Fifth Circuit has also delineated factors that should inform the district court's consideration of a motion under Rule 60(b): (**1**) final judgments should not be lightly disturbed; (**2**) a Rule 60(b) motion is not to be used as a substitute for appeal; (**3**) the rule should be liberally construed in order to achieve substantial justice; (**4**) whether the motion was filed within a reasonable time; (**5**) whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (**6**) whether, if the judgment was rendered after a trial on the merits, the movant had a fair opportunity to present his claim or defense; (**7**) whether there are intervening equities that would make it inequitable to grant relief; and (**8**) any other factors relevant to the justice of the judgment under attack. *United States v. Gould*, 301 F.2d 353, 356 (5th Cir. 1962) (quoting 7 Moore's Federal Practice Guide ¶ 60.19, at 237-39).

Here, Debtor focuses largely on the excusable neglect prong. (Motion to Alter ¶¶ 22-25.) In fact, Debtor's pending Motion to Alter the Court's Memorandum Opinion is nothing more than a regurgitation of arguments from Debtor's Motion to Reinstate (Dkt. #54, main bankruptcy docket)—arguments the Court already found unavailing. Debtor states that his "negligence was that the hearing was deleted from his calendar" and that it was "a computer error." (Motion to Alter ¶¶ 24-25.) However, it was not only Debtor's failure to appear that led to the dismissal of the bankruptcy case. As noted above, the Trustee's *Motion to Dismiss* states that Debtor's Plan did

not provide enough funding to pay claims as scheduled in the TRCC. (Motion to Dismiss ¶ 2.) Nevertheless, Debtor did not file a response to the *Motion to Dismiss*. Indeed, the record is clear that Debtor had ample time to respond to the Trustee's *Motion to Dismiss* because the hearing on said motion was continued for almost a year.[2] Debtor thus had multiple opportunities (since at least March 2020 when the *Motion to Dismiss* was filed) to provide a modified Chapter 13 Plan to address the Trustee's reasons for requesting dismissal. The Motion to Alter likewise fails to address how Debtor plans to make up the additional $123,000.00 that is needed to fund the plan within the original term. (*See generally* Motion to Alter.)

As shown, Debtor has not (and cannot) present a meritorious defense. While his failure to attend the hearing may fall within the framework of "excusable neglect," it is clear that Debtor has no real interest in curing any of the objections made by the Trustee. As a result, this Court should deny Debtor's Motion to Alter.

Additionally, the failure of the Debtor to cure the infeasibility of the Plan constitutes an unreasonable delay by the Debtor that is prejudicial to his mortgage creditor, SPS, under 11 USC §1307(c)(1) (relating to "unreasonable delay by the debtor that is prejudicial to creditors"). Here, Debtor appears to argue that a simple time delay is not prejudicial to his creditors. (Motion to Alter ¶ 21.) However, Debtor has admitted that he has not made any ongoing mortgage payments since filing the bankruptcy in October 2, 2018. (Memorandum Opinion ¶ 18.)[3]

---

[2] As noted by Debtor in his prior Motion to Reinstate (Dkt. #54, main bankruptcy case), the Trustee's *Motion to Dismiss* was first set for hearing on June 10, 2020. The *Motion to Dismiss* was continued to November 4, 2020, then to January 6, 2021, then to February 18, 2021, then to March 3, 2021, and finally to April 7, 2021. (Motion to Reinstate ¶¶ 2-3.)

[3] Further, note that Debtor previously filed a Chapter 13 case (filed June 4, 2011) during which time Debtor—apparently as part of a scheme to avoid making mortgage payments—knowingly made payments to a prior loan servicer, all of which were returned as undeliverable and the funds were never debited from the Wigingtons' account. (Memorandum Opinion ¶ 2.)

Debtor's refusal to pay ongoing mortgage payments for three years is highly prejudicial to Select Portfolio Servicing Inc. (SPS, now the servicer of the mortgage debt). And SPS will continue to be unreasonably prejudiced as Debtor has not filed any pleadings—either in this case or in the associated adversary case—which establishes that he will be able to fund the mortgage claim through his Chapter 13 Plan. Debtor has failed to present a concrete or viable plan for paying his mortgage debt and that prejudices SPS by denying it the right to exercise state law remedies against the real property securing the debt (i.e., foreclosure). Hence, any prejudice to Debtor due to the Court's dismissal is a result of his own inaction. This Court should thus deny Debtor's Motion to Alter.

In addition, it is obvious that Debtor has filed this Motion to Alter in an attempt to hold his bankruptcy case in a perpetual state of limbo as he has made no efforts to cure the Plan deficiency. Debtor also attempted to unreasonably delay his adversary proceeding by failing to file an amended complaint (**1**) that is consistent with the Court's August 10, 2020 *Memorandum Opinion* (Dkt. #65, adversary proceeding), (**2**) that appropriately determines the amount of the secured claim owed to SPS, and (**3**) that properly alleges claims against Nationstar.[4] As a result, the adversary proceeding was dismissed on May 27, 2021.[5] Because Debtor has thumbed his nose at the Court's clear orders, he has forced Nationstar to continuously file responsive pleadings, including multiple motions to dismiss. As a result, Debtor is attempting to make a game of the bankruptcy process and is wasting judicial resources. Therefore, this Court should deny Debtor's Motion to Alter in order to put this case to bed.

---

[4] *See* Nationstar's *Motion to Dismiss Plaintiff's Fourth Amended Complaint*, Dkt. #127 in the adversary case, for a fulsome description of Debtor's delays and failures to state a claim.
[5] Order at Dkt. #136 in the adversary case.

## III.
## CONCLUSION

For the reasons stated above, the Court should deny Debtor's Motion to Alter (Dkt. #63 in this main bankruptcy case). This bankruptcy case and its associated adversary proceeding should remain dismissed/closed.

Dated: June 15, 2021

Respectfully submitted,

/s/ *Matthew D. Durham*
Matthew D. Durham
SBN: 24040226
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
(214) 932-6400
(214) 932-6499 (fax)
**ATTORNEY FOR NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2021, the undersigned served a true and correct coy of the foregoing as follows:

George Dale Wigington
2451 Elm Grove Road
Wylie, Texas 75098
*By email*: dalewig10@verizon.net
*& ECF/CM Delivery*
**Pro Se Debtor**

Yoshie Valadez
McCarthy & Holthus, LLP
1255 W. 15th Street, Suite 1060
Plano, Texas 75075
*By email*: yvaladez@McCarthyHolthus.com
*& ECF/CM Delivery*
***Attorney for Select Portfolio Servicing Inc.***

/s/ *Matthew D. Durham*
Matthew D. Durham